21-2116

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT, *et al.*,

                              Plaintiff-Appellants,

v.

DEBRA HAALAND, *et al.*,

                              Defendant-Appellees,

and

DJR ENERGY HOLDINGS, LLC, *et al.*,

                              Intervenor Defendant-Appellees.

On Appeal from the U.S. Court for the District of New Mexico
1:19-cv-00703-WJ-JFR
Hon. William P. Johnson, Chief District Judge

**MOTION OF THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW TO FILE A BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF-APPELLANTS**

                              Max Sarinsky
                              139 MacDougal Street, 3rd Floor
                              New York, New York 10012
                              (212) 992-8932
                              *Counsel for Amicus Curiae*
                              *Institute for Policy Integrity*

# RULE 26.1 DISCLOSURE STATEMENT

The Institute for Policy Integrity[1] is a nonpartisan, not-for-profit think tank at New York University School of Law.[2] No publicly held entity owns an interest of more than ten percent in Policy Integrity. Policy Integrity does not have any members who have issued shares or debt securities to the public.

---

[1] Under Federal Rule of Appellate Procedure 29(a)(4)(E), the Institute for Policy Integrity states that no party's counsel authored this brief in whole or in part, and no person contributed money intended to fund the preparation or submission of this brief.

[2] This motion and accompanying brief do not purport to represent the views, if any, of New York University School of Law.

i

The Institute for Policy Integrity at New York University School of Law ("Policy Integrity") hereby moves the Court for leave to file the accompanying *amicus curiae* brief in the above-captioned case in support of Plaintiffs. Policy Integrity is a nonpartisan think tank dedicated to improving government decisionmaking through advocacy and scholarship in the fields of administrative law, economics, and environmental policy.

The "class role of amicus curiae" is to "assist[] in a case of general public interest, … supplement[] the efforts of counsel, and draw[] the court's attention to law that might otherwise escape consideration." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986). That is precisely what Policy Integrity offers here. As detailed below, Policy Integrity has a unique perspective on this case through its extensive scholarship and advocacy on the balanced treatment of costs and benefits in administrative decisionmaking, including the use of methodological tools for administrative agencies to assess climate impacts. Our proposed *amicus curiae* brief draws upon our years of expertise in these areas to provide the Court with useful information to decide this case.

This motion is timely under Federal Rule of Appellate Procedure 29(a)(6), as it is being filed within seven days of Plaintiffs' opening brief. Counsel for Plaintiffs and Defendants have advised the undersigned that their parties consent, as has counsel for Defendant-Intervenor Navajo Allottees and Defendant-Intervenor

American Petroleum Institute. However, counsel for Defendant-Intervenor Enduring Resources, LLC advised that its client does not consent to our filing, and counsel for DJR Energy Holdings, LLC and Simcoe LLC advised that its clients take no position at this time. Therefore, Policy Integrity files this motion for leave to participate.

> **I.     The Issues in This Case Are of General Public Interest and Have Broad Implication Beyond the Challenged Determination**

In this case, Plaintiffs challenge the Bureau of Land Management's ("BLM's") approval of over 300 applications for permits to drill ("APDs") in the Mancos Shale (the "Project"). Among other claims, Plaintiffs argue that BLM did not meaningfully evaluate or consider the Project's substantial climate effects. Plaintiffs argue that BLM violated the National Environmental Policy Act ("NEPA") by providing a short qualitative analysis that cursorily concludes that these effects are insignificant, whereas closer analysis measuring the Project's actual climate impacts would bely BLM's conclusion. Opening Br. 26–40.

The Court's decision in this case will not only affect the Project, but could have broader effects on other federal projects that are reviewed under NEPA. As detailed below, Policy Integrity's expertise in the assessment of uncertain impacts—including climate harms—will be valuable to this Court in reaching a decision with potential precedential significance.

### II. Policy Integrity's Expertise in Administrative Decisionmaking and the Assessment of Climate Impacts Will Assist this Court

An area of particular concern for Policy Integrity is the proper consideration of costs and benefits in administrative decisionmaking, particularly with regard to assessing the environmental costs of agency action. Policy Integrity has published numerous reports and scholarly articles advising agencies on the best methods to assess environmental impacts, and frequently submits comments to both state and federal agencies on the weighing of beneficial and adverse effects.

Administrative assessment of climate harm has been a particular focus of Policy Integrity. Our director, Professor Richard L. Revesz, has co-authored articles with Nobel Prize winner Kenneth Arrow and other prominent economists on the assessment of climate impacts, among his more than eighty articles and books on environmental and administrative law.[3] Richard L. Revesz, Kenneth Arrow, et al., *The Social Cost of Carbon: A Global Imperative*, 11 Rev. Env't Econ. & Pol'y 172 (2017); *Global Warming: Improve Economic Models of Climate Change*, 508 Nature 173 (2014). Senior attorney Max Sarinsky, the undersigned, has also published scholarship and reports on the best methods for agencies to assess the

---

[3] A full list of publications can be found on Prof. Revesz's faculty profile, https://its.law.nyu.edu/facultyprofiles/index.cfm?fuseaction=profile.publications&personid=20228.

climate impacts of project-level determinations. *See, e.g.*, Richard L. Revesz & Max Sarinsky, *The Social Cost of Greenhouse Gases: Legal, Economic, and Institutional Perspective* 39 Yale. J. on Regul. (forthcoming 2022).[4]

Harnessing this academic expertise, Policy Integrity regularly participates in administrative and judicial proceedings involving federal agency decisions with substantial implications for greenhouse gas emissions and climate harms, including those challenging environmental assessments under NEPA. *See, e.g.*, Briefs for Institute for Policy Integrity as *Amicus Curiae*, *Vecinos Para el Bienestar de la Comunidad Costera v. Fed. Energy Reg. Comm'n*, 6 F.4th 1321 (D.C. Cir. 2021) (challenging sufficiency of agency's consideration of climate impacts in approving natural-gas pipeline); *WildEarth Guardians v. Bureau of Land Management*, 870 F.3d 1222 (10th Cir. 2017) (criticizing finding that approved coal production would not contribute to climate change).

Policy Integrity also regularly submits comments to federal agencies on the assessment of climate impacts under NEPA. Most relevant for this proceeding, Policy Integrity submitted comments to the administrative record on the Draft

---

[4] A pre-publication version is available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3903498.

Environmental Assessment Addendum for the Project. *See* AR33815–48. Plaintiffs here echo many of the points that Policy Integrity advanced in those comments.

Given Policy Integrity's breadth of expertise and experience in the assessment of environmental effects in agency decisionmaking—and, specifically, its focus on climate impacts under NEPA—Policy Integrity's participation in this case will be highly beneficial to the Court.

### III. Policy Integrity's Brief Offers a Unique Contribution

Policy Integrity's brief also offers a unique contribution to the Court, drawing attention to numerous factual and legal considerations that support Plaintiffs' claims.

Our brief discusses how BLM's assessment of climate harm does not meaningfully evaluate or convey the Project's actual effects, supporting Plaintiffs' argument that BLM's limited assessment of climate harm fails to take the hard look NEPA requires, Opening Br. 31–36, by highlighting several criticisms of the agency's analysis that Policy Integrity raised in its comments. These include the irrationality of basing its permitting decision off of a comparison of the Project's greenhouse gas emissions to state- and nation-wide.

### IV. Timeliness and Consent

This motion is timely under Federal Rule of Appellate Procedure 29(a)(6), as it is being filed within seven days of Plaintiffs' opening brief. Counsel for Plaintiffs and Defendants have advised the undersigned that their parties consent, as has

counsel for Defendant-Intervenor Navajo Allottees and Defendant-Intervenor American Petroleum Institute. However, counsel for Defendant-Intervenor Enduring Resources, LLC advised that its client does not consent to our filing, and counsel for DJR Energy Holdings, LLC and Simcoe LLC advised that its clients take no position at this time. Therefore, Policy Integrity files this motion for leave to participate.

## CONCLUSION

For the foregoing reasons, this Court should grant Policy Integrity's motion for leave to file an *amicus curiae* brief.

Dated: December 23, 2021

Respectfully submitted,

/s/ Max Sarinsky
Max Sarinsky
INSTITUTE FOR POLICY INTEGRITY
139 MacDougal Street, Third Floor
New York, NY 10012
(212) 992-8932
max.sarinsky@nyu.edu
*Counsel for* Amicus Curiae
*Institute for Policy Integrity*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December 2021, a true and correct copy of the foregoing motion was filed with the Clerk of the United States Court of Appeals for the Tenth Circuit via the Court's CM/ECF system. Counsel for all parties are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: December 23, 2021    Respectfully submitted,

/s/ Max Sarinsky
Max Sarinsky
INSTITUTE FOR POLICY INTEGRITY
139 MacDougal Street, Third Floor
New York, NY 10012
(212) 992-8932
max.sarinsky@nyu.edu
*Counsel for* Amicus Curiae
*Institute for Policy Integrity*