No. 21-2116

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT, et al.,
*Plaintiffs/Appellants*,

v.

DEBRA HAALAND, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the District of New Mexico
No. 1:19-cv-00703 (Hon. William P. Johnson)

**APPELLEES' MOTION FOR JUDICIAL NOTICE**

| | |
|---|---|
| | TODD KIM |
| Of Counsel: | *Assistant Attorney General* |
| | CLARE BORONOW |
| MICHAEL C. WILLIAMS | BRIDGET KENNEDY McNEIL |
| *Attorney-Adviser* | *Attorneys* |
| Office of the Solicitor | Environment and Natural Resources Division |
| U.S. Department of the Interior | U.S. Department of Justice |
| | 999 18th Street, Suite 370 |
| | Denver, CO 80202 |
| | (303) 844-1484 |
| | bridget.mcneil@usdoj.gov |

Federal Defendants-Appellees move under Federal Rule of Appellate Procedure 27 and Federal Rule of Evidence 201 for the Court to take judicial notice of Exhibit A.1 attached to the accompanying declaration of David Mankiewicz, Acting Field Manager of the Bureau of Land Management's Farmington, New Mexico Field Office. The exhibit is an update to a spreadsheet provided to the district court below identifying the current status of the 370 Applications for Permit to Drill ("APDs") at issue in this case.

In the instant litigation, Plaintiffs-Appellants challenge the decisions to approve oil and gas development activities anticipated in these APDs. While the decisions to approve these activities are set forth in 81 records of decision, the 370 APDs themselves exist in an array of current status options, including wells where the operator opted not to move forward, unapproved APDs, expired APDs, abandoned wells, or wells that are currently producing. *See* Mankiewicz Decl. ¶ 8.

In their opening brief on appeal, Appellants recognize that the district court below concluded that Appellants' challenges to 168 of those APDs were unripe and that the challenge to 4 more of those APDs was moot. *See* Appellants' Opening Brief at 4 n.1. Appellants then assert that since the agency has approved some unidentified additional number of APDs, this Court should exercise jurisdiction over all 370 APDs. However, the Court lacks jurisdiction over the APDs that are either unripe or moot. To avoid any question over the status of the

APDs at issue, the United States moves this Court to take judicial notice of the updated spreadsheet with the current status of the APDs challenged in this case.

Under Federal Rule of Evidence 201, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts "may take judicial notice of materials on appeal." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012); *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). The Court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The Court may take notice of the updated status of the challenged APDs. The Mankiewicz declaration explains that the current APD status is maintained in the normal course of business in the agency's official database for federal well information. Mankiewicz Decl. ¶ 7. "The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice." *Winzler*, 681 F.3d at 1213; *see also Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports.").

Furthermore, the Court may take notice of documents that are outside the agency's record and outside the district court's record in determining whether it

2

has subject matter jurisdiction. *Winzler*, 681 F.3d at 1213 (The Court may take "judicial notice of materials on appeal" and "doing so can wind up rendering a case moot."); *see also Manguriu v. Lynch*, 794 F.3d 119, 121 (1st Cir. 2015) ("Because mootness implicates a court's jurisdiction, the court can properly look to facts outside the record so long as those facts are relevant to a colorable claim of mootness."); *Sierra Club v. Yeutter*, 911 F.2d 1405, 1421 (10th Cir. 1990) (holding that the district court did not abuse its discretion in considering evidence outside the agency's record in order to determine whether it had jurisdiction). The exhibit attached to the Mankiewicz declaration is relevant to Federal Defendants-Appellees' argument that the Court lacks subject matter jurisdiction and, accordingly, the Court may take judicial notice of it.

Plaintiffs-Appellants take no position on the motion and reserve the right to file a response. Intervenor-Appellees DJR Energy Holding, LLC, SIMCOE LLC, and the American Petroleum Institute do not oppose this motion. The Navajo Allottee Intervenor-Appellees[1] did not provide a position. Intervenor-Appellee Enduring Resources IV, LLC takes no position on the motion but does not stipulate to the accuracy of the current status of potentially affected wells and reserves the right to establish the actual well status of its wells, if necessary.

---

[1] Delora Hesuse, Alice Benally, Lilly Comanche, Virginia Harrison, Samuel Harrison, Verna Martinez, Lois Phoenix, and Mabel Senger.

Therefore, Federal Defendants-Appellees move the Court to take judicial notice of Exhibit A.1 to the Mankiewicz declaration.

Respectfully submitted this 2nd day of March, 2022,

TODD KIM
*Assistant Attorney General*
JEAN WILLIAMS
*Deputy Assistant Attorney General*
CLARE BORONOW

Of Counsel:

MICHAEL C. WILLIAMS
*Attorney-Adviser*
Office of the Solicitor
U.S. Department of the Interior

<u>/s/ Bridget K. McNeil</u>
BRIDGET KENNEDY McNEIL
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 370
Denver, CO 80202
(303) 844-1484
bridget.mcneil@usdoj.gov

# CERTIFICATE OF COMPLIANCE

I hereby certify:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Rule 32(f), this document contains 740 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

TODD KIM
*Assistant Attorney General*
JEAN WILLIAMS
*Deputy Assistant Attorney General*
CLARE BORONOW

*/s/ Bridget K. McNeil*
BRIDGET KENNEDY McNEIL
Environment & Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 370
Denver, CO 80202
(303) 844-1484
bridget.mcneil@usdoj.gov

*Counsel for Appellees*

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1)    all required privacy redactions have been made per 10th Cir. R. 25.5;

(2)    if required to file additional hard copies, that the ECF submission is an exact copy of those documents; and

(3)    the digital submissions have been scanned for viruses with the most re-cent version of a commercial virus scanning program, Windows Defender Antivirus Version 1.359.1239.0 (updated March 2, 2022), and according to the program are free of viruses.

> TODD KIM
> *Assistant Attorney General*
> JEAN WILLIAMS
> *Deputy Assistant Attorney General*
> CLARE BORONOW
>
> */s/ Bridget K. McNeil*
> BRIDGET KENNEDY McNEIL
> Environment & Natural Resources Division
> U.S. Department of Justice
> 999 18th Street, Suite 370
> Denver, CO 80202
> (303) 844-1484
> bridget.mcneil@usdoj.gov
>
> *Counsel for Appellees*

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

TODD KIM
*Assistant Attorney General*
JEAN WILLIAMS
*Deputy Assistant Attorney General*
CLARE BORONOW

*/s/ Bridget K. McNeil*
BRIDGET KENNEDY McNEIL
Environment & Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 370
Denver, CO 80202
(303) 844-1484
bridget.mcneil@usdoj.gov

*Counsel for Appellees*
